FILED

NOV - 7 2019

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY             DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | Case No.: **19MJ10585-RBM** |
|---|---|
| Plaintiff, | |
| v. | **FINDINGS OF FACT AND ORDER OF DETENTION** |
| JUAN GABRIEL MEJIA, | |
| Defendant. | |

In accordance with Title 18 U.S.C. § 3142(f) of the Bail Reform Act of 1984 (18 U.S.C. § 3141, et seq.), a detention hearing was held on September 6, 2019, to determine whether defendant, JUAN GABRIEL MEJIA, should be held in custody pending trial on the grounds that he is a flight risk. Assistant U.S. Attorney Rosario T. Gonzalez appeared on behalf of the United States. Leah Gonzales of Federal Defenders, Inc. appeared on behalf of the Defendant.

Based on the evidence proffered by the United States and the Defendant, the Pretrial Services' report, and the criminal complaint issued against the Defendant on September 3, 2019, by this Court, the Court concludes that the following facts establish by a preponderance of the evidence that no condition or combination of conditions required will reasonably assure the appearance of the Defendant.

# I

# **FINDINGS OF FACT**

A. <u>Nature and Circumstances of the Offense Charged (18 U.S.C. §3142(g)(1))</u>:

1. The Defendant is charged in Criminal Complaint No. 19MJ10585 with the importation of 33 kilograms (72.6 pounds) of a mixture and substance containing a detectable amount of methamphetamine, in violation of Title 21, U.S.C., §§ 952 and 960. Therefore, probable cause exists to believe the Defendant committed the charged offenses.

2. The charged offenses are offenses for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C.§ 801, et seq.). Therefore, there arises a presumption that no condition or combination of conditions will reasonably assure the appearance of the Defendant as required. <u>See</u>, 18 U.S.C. § 3142(e).

3. The offenses carry with them a minimum mandatory sentence of 10 years and a maximum sentence of life. <u>See</u>, 21 U.S.C. § 960(b)(1)(H). According to the United States Sentencing Guidelines, the Base Offense level is 36. <u>See</u>, USSG § 2D1.1(c)(3). Assuming the Defendant's criminal history score places him in Criminal History Category I, <u>see</u>, USSG § 4A1.1, the sentencing range for the Defendant is 188-235 months in prison.

B. <u>Weight of the Evidence Against the Defendant (18 U.S.C. §3142(g)(2))</u>:

1. On September 1, 2019, Juan Gabriel MEJIA (MEJIA), a United States citizen, applied for entry into the United States at the Calexico, California West Port of Entry. MEJIA was the passenger and codefendant Joanna REGALADO was driver and registered owner of a black 2015 Dodge Challenger.

2. Customs and Border Protection Officer (CBPO) Viramontes received negative customs declarations from REGALADO and MEJIA. CBPO Viramontes opted to refer the Dodge to the secondary lot for a random screening through the Z-Portal x-ray machine.

3. Following the Z-portal screening, CBPOs noticed anomalies in the quarter panel of the Dodge. Upon further inspection of the vehicle, CBPOs discovered a total of

seventy (70) packages containing a white crystal-like substance in the vehicle's quarter panels. The packages field tested positive for the properties of methamphetamine. The total weight of the seventy (70) packages was 33 kilograms (72.6 pounds).

C. History and Characteristics of the Defendant (18 U.S.C. § 3142(g)(3)):

1. Defendant has unverified community ties as notes in the Pretrial Services Officer's Report.
2. Defendant lacks financial assets and financial ties to the United States.
3. Defendant has a significant criminal history as indicated in the Pretrial Services Officer's Report.

D. Nature and Seriousness of Danger Posed by Release (18 U.S.C. § 3142(g)(4)):

The government proffered no evidence to suggest that release of the Defendant would pose a danger to any person or the community. However, Defendant has a significant criminal history including several convictions; one of which is a prior felony conviction for an escape from custody in 2001. Therefore, this factor weighs in favor of detention.

## II

## **REASONS FOR DETENTION**

A. There is probable cause to believe that the Defendant committed the offense charged in Criminal Complaint No. 19MJ10585, to wit: the importation of 33 kilograms (72.6 pounds) of a mixture and substance containing a detectable amount of methamphetamine, in violation of Title 21, U.S.C., §§ 952 and 960.

B. Defendant faces a substantial period of time in custody if convicted of the offense charged in the Complaint. Therefore, he has a strong motive to flee.

C. Defendant has not rebutted the presumption, based upon the Court's findings, that no condition or combination of conditions will reasonably assure the appearance of the Defendant at future court proceedings. See, 18 U.S.C. § 3142 (e).

3

## III
## ORDER

IT IS HEREBY ORDERED that the Defendant be detained pending trial in this matter.

IT IS FURTHER ORDERED that the Defendant be committed to the custody of the Attorney General, or his designated representative, for confinement in a correctional facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The Defendant shall be afforded reasonable opportunity for private consultation with counsel.

While in custody, upon order of a court of the United States or upon the request of an attorney for the United States, the person in charge of the correctional facility shall deliver the Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding or any other appearance stipulated to by defense and government counsel.

THIS ORDER IS ENTERED WITHOUT PREJUDICE.

IT IS SO ORDERED.

DATED: 11/6/19

HON. RUTH BERMUDEZ MONTENEGRO
U.S. MAGISTRATE JUDGE

Prepared by:

ROBERT S. BREWER, Jr.
United States Attorney

Rosario Gonzalez
Assistant U.S. Attorney

cc: Leah Gonzales
Counsel for Defendant

4